IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   vs.<br><br>JONATHAN VALENTINE,<br><br>                  Defendant. | **8:09CR380**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on the defendant's motion to correct his sentence, Filing No. 69. The court held a hearing on the motion on August 23, 2013.

      The defendant entered a plea of guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to a charge of distribution of 5 grams or more of crack cocaine and was originally sentenced to a term of imprisonment of 89 months. Filing No. 52. There is a mandatory minimum sentence of 60 months in this case.

      The defendant argues that he is entitled to a reduction below 60 months because the quantity of drugs involved does not trigger a mandatory minimum sentence under the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010) (codified at 21 U.S.C. § 841(b)(1)(B)(iii)). The FSA became effective on August 3, 2010, and increased the quantity necessary to trigger the mandatory minimum penalty of 5 years from 5 grams to 28 grams. *See id.* The Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010.[1]  *United States v. Reeves*, 717 F.3d 647, 651 (2013).

---

[1] The Fair Sentencing Act's more lenient penalty provisions do apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3. *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

The United States Supreme Court addressed the issue of Rule 11(c)(1)(C) binding plea agreements in the context of sentence reductions under 18 U.S.C. § 3582(c)(1)(C) in *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion). In her concurring opinion, Justice Sotomayor concluded that "if a [Rule 11(c)(1)(C) ] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.* at 2695 (Sotomayor, J., concurring). In the Eighth Circuit, Justice Sotomayor's concurring opinion in *Freeman* is controlling and represents the holding of the Court. *United States v. Browne*, 698 F.3d 1042, 1045 (8th Cir. 2012).

"A § 3582(c)(2) reduction is not authorized by a retroactive guidelines amendment that 'does not have the effect of lowering the defendant's applicable guideline range because of the operation of a statutory minimum sentence." *United States v. Logan*, 710 F.3d 856, 860 (2013) (explaining that when the statutory minimum is greater than the otherwise applicable range, the statutory minimum is the Guidelines sentence and, therefore, the defendant is not later eligible for § 3582(c)(2) relief if the displaced range is retroactively lowered because the applicable statutory minimum did not change); see *United States v. Golden,* 709 F.3d 1229, 1233 (8th Cir. 2013) (stating "the existence of a statutory minimum always imposes a boundary on the bottom of an offender's guideline range").

The record shows that the defendant committed the instant crime while on supervised release for another conviction. *See United States v. Valentine*, Case No.

2

8:05CR88, Filing No. 26, Filing No. 33, Petitions for Offender under supervision. In the Fed. R. Crim. P. 11(c)(1)(C) agreement, the government agreed to dismiss the supervised release violation in the other case. Filing No. 42, Plea Agreement.

The defendant later moved for a reduction of his sentence pursuant to retroactive amendments to the crack cocaine guidelines in U.S.S.G. §§ 2D1.1 and 1B1.10, requesting a reduction to 60 months. Filing No. 64, Motion; Filing No. 65, Brief. The parties agreed to a reduction in the sentence from 89 to 72 months under the retroactive amendments, based on the prior computation of specific offense characteristics, adjustments, and the supervised release violation in case 8:05CR77. *See* Filing No. 61, Motion; Filing No. 66, Stipulation; and Filing No. 67; Order. Accordingly, the defendant has already been accorded the benefit of a reduction in the portion of his sentence attributable to the drug offense and based on the crack cocaine Guidelines.

Both the original plea agreement and the sentence-reduction agreement were based not only on the Guidelines calculation for crack cocaine offenses but on the violation of supervised release charge as well. The amended sentence of 72 months is comprised of the new crack cocaine guideline range of 60 months, and includes an additional 12 months for the violation of supervision. The renegotiated agreement reached between the defendant and the government gives the defendant the benefit of a retroactive reduction for the crack cocaine quantity that had previously been agreed upon by the parties. It also accounts for the dismissal of the charge of a violation of supervised release.

The guideline range for the violation of supervised release was 30-36 months to be served consecutive to the new charge. The agreed-upon sentence of 72 months

adequately reflects the plea agreement and the changes to the sentencing guidelines. Accordingly,

IT IS ORDERED that the defendant's motion to correct sentence (Filing No. 69) denied.

DATED this 29th day of August, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge